JOHN SKONIECZNY, administrator of CZESLAWA NOKOWSKI, *vs.* HENRY L. CHURCHMAN.

*Action for Death of a Child—Negligence—Driver of a Wagon— Public Highway—Damages.*

In an action to recover damages for the death of a child, the plaintiff in order to recover must satisfy the jury that the death resulted from the failure of the driver of the wagon which caused the accident, to exercise such care as an ordinarily careful and prudent man would exercise under the same circumstances, and that death resulted from the want of such care on his part: In other words, if the driver was exercising such care and precaution as an ordinarily prudent man would exercise in passing along the street, under the conditions and surroundings at the time as disclosed by the evidence, the plaintiff could not recover.

(*June* 27, 1905.)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Hugh M. Morris* for plaintiff.

*Horace G. Knowles* for defendant.

Superior Court, New Castle County, May Term, 1905.

ACTION TO RECOVER DAMAGES for the death of a child fifteen months old.

The evidence adduced at the trial on the part of the plaintiff concerning the accident was in substance as follows: That between one and two o'clock on the afternoon of June 23, 1904, the defendant's farm wagon drawn by two horses and in charge of his driver was proceeding along Maryland Avenue (on the right hand side) in the City of Wilmington, the horses being in a walk, and going in a westerly direction towards the town of Newport; that as the team approached the home of the plaintiff's intestate, several children started to run from the east to the west side of Maryland Avenue from a house nearby, and the child Nokwoski, then about fifteen months old also started to cross Maryland

Avenue with the other children in front of the on-coming team. That the latter was not able to keep up with the other children, and when the horses were very near to her, a by-stander shouted to the driver to stop his team, but he did not heed the warning; that he was sitting on a high seat in the front of the wagon, having an unobstructed view of the surrounding street, but with his head hanging down and looking in front of him; that the team kept on moving and the child was struck by the horse on the left hand side, and knocked down, the rear left hand wheel running over its neck, severing the cerebral vertebrae and resulting in immediate death.

The defendant in reply produced evidence in effect that the driver did not see the child and did not know he had run over a child until his attention was called to it.

The defendant also denied the statement of the by-stander that he had shouted to the driver before the accident happened and stating that the accident had happened at the time the driver's attention was attracted by the shouting. The defendant also produced witnesses to prove that the defendant's servant in charge of the team at the time was a careful, competent and experienced driver.

LORE, C. J., charging the jury:

Gentlemen of the jury:—This is an action brought by John Skonieczny to recover damages for the death of Czeslawa Nokowski, a fifteen months' old child, which it is alleged resulted from the negligence of the defendant. The child was killed on the twenty-third day of June, 1904, on Maryland Avenue, a public highway of this City.

Fortunately, there are no contested questions of law in this case. It is mainly a question of fact, and the facts are within a very narrow limit. It is conceded that the death of the child resulted from being run over by the wagon of the defendant on the day and time alleged, that the wagon was the property of the defendant, Henry L. Churchman, and that it was at that time in

charge of one of his servants and that it was being driven by the servant, as his servant, in the ordinary course of his business. It is also conceded and admitted on both sides that Maryland Avenue was a public highway, that the child had a lawful right to be on the street or highway and also that the wagon with its driver had a lawful right to be on the street. So that the only question, as conceded by counsel on both sides, is, whether the driver, on that day, by ordinary care, could have prevented the injury? And to that point you are to direct your attention.

In order to recover the plaintiff must satisfy you by the preponderance of the evidence, that this death resulted from the failure of the driver at that time to exercise ordinary care. If in the careful consideration of this testimony you should find that the driver was not exercising ordinary care—which is such as an ordinarily careful and prudent man would exercise under the same circumstances—and that death resulted from that want of ordinary care on his part, then the plaintiff would be entitled to recover. If you find for the plaintiff, it should be for such sum of money as would represent whatever this child would have accummulated at the end of her life and left as her estate to be divided up among the persons who might then be entitled to such estate. In estimating what amount that should be, you should consider her condition of life and probability of life and what sum she probably would have had as a residue at her death to go to her heirs at law. That would be the measure of damages. You will have to get at it the best way you can, taking all the facts and surroundings of the case into consideration.

If there was no negligence on the part of the defendant, your verdict should be for him. In other words, if the driver of the wagon was exercising such care and precaution as an ordinarily prudent man would exercise in passing along the street, under the conditions and surroundings at the time, as disclosed by the evidence, then your verdict should be for the defendant.

You have the facts before you in this case. The law is simple, and it is for you to say whether this defendant is entitled to recover anything, and if so, what amount.

                                        Verdict for defendant.